IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA

| | |
|---|---|
| JOHN A. JONES, ) | |
|        Plaintiff, ) | |
| v. ) | Case No. _____ |
| ) | |
| RESCARE RESIDENTIAL SERVICES, ) | |
| ) | |
|        Defendant. ) | |

**NOTICE OF REMOVAL**

Defendant Res-Care Kansas, Inc. ("Defendant"), improperly named in the caption of the Complaint as ResCare Residential Services[1], pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes this case from the District Court of Sedgwick County, Kansas, on the grounds of diversity of citizenship between Plaintiff John A. Jones and Defendant. In support of its notice of removal, Defendant states as follows:[2]

**I.   THE STATE COURT ACTION**

1.   Plaintiff commenced this action on December 30, 2019, in the District Court of Sedgwick County, Kansas, by filing his Petition in the case styled *John A. Jones v. ResCare Residential Services*, which is designated as Case No. 19CV2621 (the "State Court Action"). *See* Exhibit C (which contains a copy of the Petition and other process, pleadings, and papers served in the State Court Action).

---

[1] Plaintiff's employer was at all relevant times Res-Care Kansas, Inc., not ResCare Residential Services. *See* Declaration of Dawn Wilson at ¶ 4 ("Wilson Decl."), attached as Exhibit A. ResCare Residential Services is one of the names under which Res-Care Kansas, Inc. does business. All references herein to "Defendant" are references to Res-Care Kansas, Inc.

[2] *See* Civil Cover Sheet, attached as Exhibit B. (seeking removal to the District of Kansas).

1

2. Plaintiff's Petition purports to allege claims that apparently involve an allegedly false accusation of abuse made while Plaintiff was employed by Defendant. *See* Exhibit C, Plaintiff's Petition.

3. Defendant received service of the Petition on January 2, 2020. *See* Ex. C.

## II. JURISDICTION

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and it is one that may be removed to this Court under 28 U.S.C. § 1441 and 1446. Complete diversity of citizenship exists between Plaintiff and Defendant. Further, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. By filing this Notice of Removal, Defendant does not waive any defenses to Plaintiff's allegations or objections to personal jurisdiction, including but not limited to, sufficiency of process, service of process, and jurisdiction. Defendant also reserves the right to amend or supplement this Notice of Removal.

## III. VENUE

6. Venue is proper in this Court because this case was originally filed in Sedgwick County, Kansas, which is within this judicial district. *See* 28 U.S.C. §§ 105(b), 1446(a); D. Kan. Rule 81.1(b)(3).

## IV. TIMELINESS AND COMPLIANCE WITH REMOVAL PROVISIONS

7. In light of service of the Petition on January 2, 2020, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of service on Defendant.

8. The Petition and any other process, pleading, and/or orders served on Defendant in the State Court Action are attached as Exhibit C, thus complying with 28 U.S.C. § 1446(a).

9. Pursuant to 28 U.S.C. § 1446(d) and D. Kan. Rule 81.1(c), Defendant will promptly file a copy of the Notice of Removal with the Clerk of the District Court of Sedgwick County, and simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

## V.   COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

10. For diversity jurisdiction, there must be complete diversity between the parties, which means no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

11. For diversity purposes, "an individual's state citizenship is equivalent to domicile" and means the state where an individual is physically present and intends to make his home indefinitely. *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "The place where a [person] lives is properly taken to be [the] domicile until facts adduced establish the contrary." *Dist. Of Columbia v. Murphy*, 314 U.S. 441, 455 (1941).

12. A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

13. In his Petition, Plaintiff – who is proceeding *pro se* - states that his address is in Wichita, Kansas. *See* Ex. C, Summons and Petition. Accordingly, Plaintiff is a citizen of the State of Kansas for purposes of diversity jurisdiction.

14. Res-Care Kansas, Inc. is incorporated in Delaware and has its corporate headquarters and principle place of business in Louisville, Kentucky. *See* Wilson Decl., Ex. A at ¶ 5.

15. Accordingly, Defendant is a resident of Delaware and Kentucky. It is not a citizen of the State of Kansas, meaning complete diversity exists.

## VI. THE AMOUNT IN CONTROVERSY MEETS THE STATUTORY THRESHOLD

16. Diversity jurisdiction requires that the amount in controversy "exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a).

17. To determine whether the amount in controversy is met, "[t]he amount claimed by the plaintiff in its complaint generally controls and 'alone can be sufficient' to support subject matter jurisdiction." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1171 (10th Cir. 2011) (quoting *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000)); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008) (noting that to maintain federal court jurisdiction, "all the plaintiff needs to do is allege an amount in excess of $75,000 . . . .").

18. Moreover, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co, LLC v. Owens*, 574 U.S. 81, 89 (2014).

19. In the Tenth Circuit, if the amount of damages is not pleaded or the amount pleaded is less than $75,000, then the removing party must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). In so doing, "the defendant may rely on an estimate of the potential damages from the allegations in the complaint." *Id.* at 955. "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id.* Thus, once the removing party shows the amount in controversy may be greater than $75,000, the requirement is satisfied "unless it is legally certain that less than $75,000 is at stake." *Chen v. Dillard Store Svcs., Inc.*, 479 Fed. Appx. 618, 620-21 (10th Cir. 2014).

20. In determining whether the amount in controversy exceeds $75,000, courts consider compensatory damages, emotional distress damages, punitive damages, and attorneys' fees. *See Chen v. Dillard Store Svcs., Inc.*, 579 Fed. Appx. 618, 621 (10th Cir. 2014); *Robertson v. Asplundh Tree Expert Co.*, 2017 WL 4099479, at *3-4 (D. Kan. Sept. 15, 2017) (considering potential compensatory damages, emotional distress damages, and punitive damages to determine that plaintiff's claim exceeded the jurisdictional amount in controversy).

21. Here, Plaintiff explicitly alleges in his Petition that "$175,000.00 dollars be made to the plaintiff for payment of said damages." *See* Ex. C, Petition, pp. 1-2. Plaintiff's Petition further alleges entitlement to lost wages, back pay, and pain and suffering. *Id*. Thus, the amount alleged by Plaintiff in his Petition is alone sufficient to support jurisdiction. *See Marcus Food Co. v. DiPanfilo*, 671 F.3d at 1171.

22. When Plaintiff's employment with Defendant ended on June 16, 2018, Plaintiff earned $11.00 per hour as a full-time employee. Thus, at a minimum, Plaintiff earned $22,880.00 per year (or $1,906.66 per month). *See* Wilson Decl., Ex. A at ¶ 7.

23. According to Federal Judicial Caseload Statistics published as of September 30, 2019, the median time interval from filing to disposition at trial for civil cases in the District of Kansas is 25.0 months. Federal Judicial Caseload Statistics, Kansas U.S. District Court – Judicial Caseload Profile, p. 80 (September 30, 2019, available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2019.pdf.

24. Thus, using the average interval above, Plaintiff's alleged (but disputed) back pay damages could exceed $61,013.12 by the time of trial (June 2018 (termination) – January 2022 (25 months after filing)).

25. As such, without even calculating Plaintiff's alleged pain and suffering and other potential damages, Defendant has made more than a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold" because alleged back pay damages alone could exceed $61,000, just $14,000 less than the jurisdictional threshold. *Owens*, 574 U.S. at 89 (2014).

26. Accordingly, given Plaintiff's explicit allegation of $175,000.00 in damages, and Defendant's calculation of alleged back pay damages, it is clear this matter satisfies the amount in controversy requirement for removal of this action.

## VII. CONCLUSION

27. Defendant properly removes this case to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

WHEREFORE, Defendant prays this Court take jurisdiction over this action because it was properly removed.

Respectfully submitted,

*/s/ Robert J. Rojas*
Robert J. Rojas #25807
LITTLER MENDELSON, P.C.
1201 Walnut, Suite 1450
Kansas City, MO  64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
rrojas@littler.com

**ATTORNEYS FOR DEFENDANT**

6

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of January, 2020, a true and correct copy of the above and foregoing was filed through the Court's electronic filing system and was served on the following by First Class Mail, postage prepaid:

John A. Jones
1044 South Washington
Wichita, KS 67211
Telephone 316.284.7549

PRO SE

                                                  */s/ Robert J. Rojas*
                                                  **ATTORNEY FOR DEFENDANT**