# EXHIBIT C

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT

**SHERIFF FEE FOR SERVICE PAID**

John A. Jones

_Plaintiff(s)_

VS.

ResCare Residential Services
5112 E. 36th St. North Wichita, KS 67220  Att: Human Services

_Defendant(s)_

CASE NO. **19CV2621**

PURSUANT TO K.S.A. CHAPTER 60

**SUMMONS**

To the above-named Defendant:
You are hereby summoned and required to serve upon John A. Jones, plaintiff's attorney, whose address is 1044 S. Washington Wichita, KS 67211, a pleading to the petition which is herewith served upon you, within 21 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. Your pleading must also be filed with the court. As provided in subsection (a) of K.S.A. 60-213, and amendments thereto, your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action.

REASONABLE ACCOMMODATIONS WILL BE PROVIDED IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT.

Clerk of the District Court of Sedgwick County, Kansas

Dated DEC 3 0 2019      [SEAL]    By _Debbie Overstake_, Deputy

**RETURN ON SERVICE OF SUMMONS**

I hereby certify that I have served the within summons:

[1] **Personal Service.** By delivering on the _____ day of _____, _____, a copy of the summons and a copy of the petition to each of the within-named defendants _____

[2] **Residence Service.** By leaving on the _____ day of _____, _____, for each of the within-named defendants _____

a copy of the summons and a copy of the petition at the respective dwelling place or usual place of abode of such defendants with some person of suitable age and discretion residing therein.

[3] **Agent Service.** By delivering on the _____ day of _____, _____, a copy of the summons and a copy of the petition to each of the following agents authorized by appointment or by law to receive service of process _____

[4] **Residence Service and Mailing.** By leaving a copy of the summons and a copy of the petition at the dwelling house or usual place of abode and mailing by first-class mail to each of the following defendants a notice that such copy has been so left _____

[5] **Certified Mail Service.** I hereby certify that I have served the within summons: (1) By mailing on the _____ day of _____, _____, a copy of the summons and a copy of the petition in the above action as certified mail return receipt requested to each of the within-named defendants; (2) the name and address on the envelope containing the process mailed as certified mail return receipt requested were as follows:

By _____

[6] **Certified Mail Service Refused.** I hereby certify that on the _____ day of _____, _____, I mailed a copy of the summons and petition in the above action by first-class mail, postage prepaid, addressed to _____ at _____

By _____

[7] **No Service.** The following defendants were not found in this county:

I declare (verify, certify or state) under penalty of perjury that the foregoing return of service is true and correct.

Executed on _____

_____
SIGNATURE OF LAW ENFORCEMENT OFFICER

_____
PRINT NAME OF LAW ENFORCEMENT OFFICER

1305-43 (REV 2013)           PS-199

COPY

FILED
APP DOCKET NO. _____

2019 DEC 30 P 4: 14

CLERK OF DIST COURT
18TH JUDICIAL DISTRICT
SEDGWICK COUNTY, KS

IN THE 18TH JUDICIAL DISTRICT
DISTRICT COURT OF SEDGWICK COUNTY, KANSAS

JOHN A. JONES,
    Plaintiff,    )
v.    )    Case No. 40311-19
RESCARE RESIDENTIAL SERVICES,
    Defendant.    )

19CV2621

Proceeding Pursuant to K.S.A. Chapter 60

## FALSELY ACUSSED OF ABUSE

The plaintiff states the following claims:

1. Charging Rescare Services for Pain and Suffering due to loss of job and wages and back pay.
2. Not following the Code of Conduct Chain of Command of Protocol.
3. Falsely accused of abusing and neglecting five clients in his care.
4. Evidence from Adult Protective Services proving evidence is untrue of claim.
5. Evidence that employee fabricated information to get said employee fired.
6. Employee willing to testify on plaintiff's behalf.
7. Falsely claiming plaintiff was unqualified for D.S.P position
8. Evidence of tests taken before entering into positon of employment.
9. Behavioral screening class sessions to prepare plaintiff for field.
10. Case study files of each client in house being in clients care.
11. Evidence that plaintiff had to be certified to pass out meds morning, noon and night during shift hours worked.
12. Evidence from client's mother of positive progress since plaintiff started in Longfellow house.

For these reasons mentioned above the plaintiff finds the defendant guilty of loss of wages and back pay, pain and suffering, falsely accusing plaintiff of physically abusing clients and falsely stating plaintiff was unqualified for his position.

The plaintiff is asking for due wages entitled to him due to ResCare Residential Services false claims and improper code of procedures to handle this matter.

Therefore these demands of $175,000.00 dollars be made to the plaintiff for payment of said

Rev. 6/2017 KSJC    1

damages.
The plaintiff is open for mediation to discuss further action if necessary.
   WHEREFORE, the plaintiff demands judgment against ResCare Residential Services.

                                                **John A. Jones**
                                                **1044 S. Washington**
                                                **Wichita, KS 67211**
                                                **(316) 284-7549**

**Authority**

K.S.A. 60-207; 60-208; 60-210; 60-211.



Landon State Office Bldg.
900 S.W. Jackson St., Suite 568 S.
Topeka, Kansas 66612-1258

**Kansas**
Human Rights Commission

Phone: (785) 296-3206
Fax: (785) 296-0589
TTY (785) 296-0245
800# 1-888-793-6874
www.khrc.net

Melvin J. Neufeld, Chair, Garden City
Harold Schorn, II, Vice Chair, Newton
David Brant, Wichita
Michael Kane, Kansas City
James Terrones, Olathe
Jonathon Westbrook, Kansas City

Laura Kelly, Governor
Ruth Glover, Executive Director
Bill Wright, Assistant Director
Barbara Girard, Investigative Administrator
Robert Easterling, Investigative Admin.
Barb Wangerin, Office Manager

August 9, 2019

William F. English, Esq.
NAPIER GAULT SCHUPACH & STEVENS, PLC
730 W. Main St., Suite 400
Louisville, KY 40202

RE:   Case No. 40311-19, Jones vs. RESCARE RESIDENTIAL SERVICES

Dear Madam or Sir:

    The Kansas Human Rights Commission has completed its investigation of the above-captioned complaint, which alleged violation(s) of the Kansas Act Against Discrimination. The Investigating Commissioner reviewed the facts of this case and determined No Probable Cause to credit the allegations contained in this complaint.

    Thank you for your cooperation in the course of processing this complaint. If you should have any questions regarding this matter, please do not hesitate to call me.

Sincerely,

Barbara Girard
Investigative Administrator   $BW$

cc: file