IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN A. JONES,

      *Plaintiff,*

vs.

RES-CARE KANSAS, INC.,

      *Defendant.*

Case No. 20-CV-01017-EFM-KGG

**MEMORANDUM AND ORDER**

Pro se Plaintiff John A. Jones brings a claim for defamation seeking damages from Defendant Res-Care Kansas, Inc. ("Res-Care"), in the form of lost wages, back pay, and punitive damages. Defendant has filed a Motion to Dismiss (Doc. 12). In response, Jones has filed a Motion to Amend Complaint (Doc. 14). Among other reasons, Defendant contends that as the statute of limitations for defamation had already run by the time Plaintiff filed for suit, Plaintiff is barred from relief. For this reason, explained further below, the Court grants the Motion to Dismiss. The Court also denies Plaintiff's Motion to Amend Complaint because granting the motion would be futile.

## I.     Factual and Procedural Background[1]

Jones began working for Res-Care on February 5, 2018 as a caretaker in Res-Care's Longfellow house. There his responsibility was to care for his clients, including cooking and monitoring of their hygiene. Several months later, it was reported to Res-Care that Jones had been neglecting and verbally and physically abusing his clients. Accordingly, on May 21, 2018, Jones was suspended pending an investigation into these reports, and on June 5, 2018, Jones's job was terminated in light of the results of that investigation. This was the only reason alleged in the complaint for Jones's firing given by Res-Care.

Jones remained in contact with his former employer, attempting to contest his termination. His efforts were unsuccessful, and on June 25, 2018, he received a response from a Res-Care supervisor stating that their investigation had found that Jones had indeed been abusive and neglectful toward his clients. Subsequently, Jones was subject to another investigation on July 7, 2018, by the Kansas Department for Children and Families following up on these claims of abuse and neglect. All five of these reports found that the claims of abuse and neglect were unsubstantiated. On July 13, 2018, Jones received the reports from Adult Protective Services stating their findings.

On December 30, 2019, Jones filed suit in the District Court of Sedgwick County, Kansas, claiming he was falsely accused of mistreatment of his clients. He sought damages for defamation in the form of monetary relief. On January 22, 2020, Defendant duly removed this case to the United States District Court for the District of Kansas and submitted a Motion to Dismiss for Failure to State a Claim, or in the Alternative, for a More Definite Statement. Jones missed the

---

[1] The facts are taken from Jones's Amended Complaint and are accepted as true for the purposes of this ruling.

deadline for responding to this motion, instead filing his own Motion for Punitive Damages. This motion was refiled as the Plaintiff's amended complaint. In response, Defendant filed another Motion to Dismiss, this time raising an argument that the statute of limitations had run. In response to this, Jones filed a Motion to Amend Complaint.

## II.     Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[2] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[3] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[4] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[5] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[6] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[7] If the allegations in the

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[6] *Iqbal*, 556 U.S. at 678–79.

[7] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[8]

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[9] A pro se litigant is entitled to a liberal construction of his pleadings.[10] If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with pleading requirements."[11] But it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[12] As it relates to motions to dismiss generally, "the court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff."[13] "Well-pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

Parties may amend pleadings "once as a matter of course" before trial if they do so within (A) twenty-one days of serving the pleading or (B) "if the pleading is one to which a responsive pleading is required," twenty-one days of service of a responsive pleading or a motion under

---

[8] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[9] *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

[10] *See Trackwell v. U.S. Gov't,* 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[11] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Id.*

[13] *Ramirez v. Dep't of Corr., Colo.,* 222 F.3d 1238, 1240 (10th Cir. 2000).

[14] *Iqbal,* 556 U.S. at 678.

Federal Rule of Civil Procedure 12(b), (e), or (f), whichever is earlier.[15]  Other amendments before trial are allowed "only with the opposing party's written consent or the court's leave."[16]  Courts "should freely give leave when justice so requires."[17]  Federal Rule of Civil Procedure 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.' "[18]  Courts, however, may deny leave to amend based on undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.[19]  Whether to allow a proposed amendment, after the permissive period, addresses the sound discretion of the court.[20]

### III.  Analysis

K.S.A § 60-510 provides: "[c]ivil actions, other than for the recovery of real property, can only be commenced within the period prescribed in the following sections of this article, after the cause of action shall have accrued."[21]  An action for libel or slander, which together make up claims for defamation, must be brought within one year of the alleged defamatory acts or

---

[15] Fed. R. Civ. P. 15(a)(1).

[16] Fed. R. Civ. P. 15(a)(2).

[17] *Id.*; accord *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[18] *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)).

[19] *Foman,* 371 U.S. at 182; *Wilkerson v. Shinseki,* 606 F.3d 1256, 1268 (10th Cir. 2010); *Minter,* 451 F.3d at 1204.

[20] *Foman*, 371 U.S. at 182.

[21] K.S.A. § 60-510.

remarks.[22]  Accrual of this one-year term begins at the time the defamatory acts or remarks take place.[23]

The events described in Jones's Amended Complaint are all centered around the months of May to July, 2018.  The Defendant maintains that the statements alleged to have been defamatory were made on May 21, 2018, at the time of Jones's suspension pending an investigation into those claims.  The latest statements Jones submits from Res-Care were from June 25, 2018, during an exchange with Jones regarding the possibility of reinstatement to his job.  At that time, the supervisor stated that the claims regarding Jones's abusive and neglectful behavior had been confirmed, and he would not be rehired.  Even if Jones were to rely on these statements as being themselves defamatory, that means the most liberal assessment of the statute of limitations based on the allegations of Jones's complaint would require him to have filed suit by June 25, 2019.  This is more than six months before Jones actually filed suit on December 30, 2019.

In order to substantiate a claim that defamation had continued beyond December 30, 2018, Jones would have needed to allege some fact that indicated defamatory actions or words took place after that time.  However, neither the Amended Complaint before this Court nor the proposed second amendment to his complaint make any reference to actions or words on Res-Care's part after December 30, 2018. As a result, even if everything in Jones's Amended Complaint and proposed second amended complaint is true, his own allegations show that the statute of limitations lapsed before Jones filed suit.  Therefore, it is appropriate for the Court to deny Jones's Motion to

---

[22] K.S.A. § 60-514.

[23] *MNM Investments, LLC v. HDM, Inc.*, 2019 WL 3430553, at * 6–7 (D. Kan. 2019).

Amend Complaint because no allegations that he purports to add would remedy the statute of limitations problem.

In sum, nothing that Jones alleges to have occurred in his Amended Complaint or proposed second amended complaint would allow him to claim that Res-Care engaged in defamatory behavior on or after December 30, 2018.  As Jones filed suit on December 30, 2019, only defamatory behavior that took place after December 30, 2018, is within the Court's authority to redress.  Therefore, the Court can provide no relief for any damages Jones may have suffered as a result of Res-Care's conduct, and the Court grants the Defendant's Motion to Dismiss.  Based on this ruling, the Court also denies Jones's Motion to Amend Complaint by reason of futility.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 12) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 14) is **DENIED.**

**IT IS SO ORDERED.**

This case is now closed.

Dated this 5th day of June, 2020.

                                                ERIC F. MELGREN
                                                UNITED STATES DISTRICT JUDGE